## CALDWELL & HARWOOD v. TRUSTEES OF TOWN OF SHELBYVILLE.

**Towns—Power of Chairman of Board of Trustees.**

In the absence of any power given to the chairman of the board of trustees of a town to bind the town by contract, no such power exists, and where he acts against the wishes of a majority of the board in attempting to make a contract his action is void.

APPEAL FROM SHELBY CIRCUIT COURT.

October 12, 1875.

OPINION BY JUDGE PRYOR:

We have been referred to no authority by the learned counsel sustaining the right of appellants to recover upon the facts alleged

in the petition. The contract with the chairman of the board of trustees of the town of Shelbyville must be regarded as having been made in his individual capacity, in the absence of any power conferred upon him by the town charter to make such a contract, and since the facts alleged show that he was acting against the wishes of a majority of the board in employing counsel to prevent the town, through its trustees, from taking stock in the gas company.

Those having the power to contract with and employ counsel, not only failed to invest the chairman of their board with this right, but were resisting his whole action in the premises. The trustees had the right, as a board, to employ counsel to prevent the citizens in their attempt to nullify the action of a majority of the board, and the fact that the chairman of the board was correct in his views as to the legality of the act by which the stock was taken or the money subscribed, raises no implied promise on the part of the board as such, to pay him or the counsel employed by him for their services. The chairman in this case was not acting in pursuance of any resolution of the board, but was acting with the avowed purpose of defeating the will of a majority of the board.

When acting officially, he must show his authority to bind the corporation, and this is a difficult undertaking when it is admitted that he was attempting to do an act that those from whom he must have derived the power to make such contract were at the time resisting. The judgment of the court below is *affirmed*.

*Caldwell & Harwood, for appellants. J. S. Morris, for appellees.*